IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
**Alexandria Division**

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) |
| | ) Case No.: 1:08-cr-073; 1:09-cv-097 |
| SHERIDAN GLAZE, | ) |
| | ) |
| Movant. | ) |

## MEMORANDUM OPINION

Before the Court is Ms. Sheridan Glaze's Motion to Vacate under 28 U.S.C. 2255 (Dkt.
No. 25). On April 30, 2008, Ms. Sheridan Glaze pled guilty in this Court to honest services mail
fraud in violation of 18 U.S.C. § 1341. This Court thoroughly reviewed Ms. Glaze's decision to
plead guilty. She acknowledged under oath that she carefully had reviewed the indictment with
her counsel, that she indeed had committed the crime alleged therein, and that she had fully
discussed her decision to plead guilty with her attorney. On January 23, 2009, Ms. Glaze filed a
motion under 28 U.S.C. § 2255 to vacate her conviction and sentence. In brief summary, she
argues that she "did not plan or devise any scheme to commit any crime;" that her rights were
violated when she was coerced by a federal agent into making incriminating statements; that her
counsel was ineffective in that he did not prepare for trial and did not appeal her case; and,
finally, that her sentence should not have been based on a loss amount exceeding $1,000,000.
For the reasons stated below, the Court rejects each of these arguments.

## I.    Background.

Ms. Glaze worked for Palmetto Government Benefits Administrators ("PGBA"), a division of Blue Cross Blue Shield of South Carolina. PGBA is a "middleman" in the health insurance system. It processed claims for reimbursement from TRICARE, a managed health care plan for Department of Defense employees. These claims were called "Cost Reports." PGBA processed cost reports for INOVA Health Systems ("INOVA"), a major health care provider located in Fairfax County, Virginia. Ms. Glaze was the PGBA employee responsible for processing the INOVA Cost Report.

INOVA's 2005 Cost Report was late and the claim was going to be denied as untimely. In a series of covertly-recorded conversations, Ms. Glaze informed Chad Mulvaney, an INOVA representative, that she would attempt to obtain payment for the late 2005 Cost Report by fraudulently backdating documents in exchange for 20% of the claim value, or $204,200. Ms. Glaze instructed Mulvaney on how to send her a new cost report to backdate. She received the new set of claim documents and attempted to deposit a check for $204,200 in a bank account she controlled.

On February 28, 2007, Ms. Glaze was interviewed by federal agents and admitted to backdating the cost report and asking for a 20% fee. On April 30, 2008, Glaze pled guilty to honest services mail fraud in violation of 18 U.S.C. § 1341.[1] Due to the fact that Ms. Glaze pleaded guilty on the day set for trial, there was no plea agreement. However, the Court

---

[1] After Ms. Glaze pled guilty, the government dismissed the second count of the indictment, which charged her with health care fraud under 18 U.S.C. § 1347. The government stated its intent to argue that Glaze's ultimate sentence be based on the loss associated with the health care fraud count – over $1 million.

2

reviewed Ms. Glaze's decision to plead guilty. She acknowledged under oath that she had reviewed carefully and had discussed her decision fully to plead guilty with her attorney. She affirmed that she was pleading guilty because she was, in fact, guilty of Count 1.[2] During the plea hearing, the Court recited the facts supporting her guilty plea, *i.e.*, that she sought a payment to herself of 20% of the over million dollar claim in exchange for backdating the invoice for that claim. She confirmed on the record that she had committed these acts.[3]

The Court held a sentencing hearing on July 30, 2008. Her attorney argued for a sentence based upon the $204,200 payment she sought for herself, as opposed to the over $1 million claim she backdated. The Court disagreed and found the loss amount to be greater than $1 million. During allocution, Ms. Glaze stated "I am taking full responsibility for the part that I played in the whole situation" and "I was totally out of line and I misused my authority at PGBA." The Court gave her credit for acceptance of responsibility and sentenced her to a term of forty-two months in prison.

Ms. Glaze never appealed her conviction or sentence. Instead, she wrote a letter to the Court on August 12, 2008, in which she requested to withdraw her plea. On January 23, 2009, Glaze filed a motion under Section 2255 to vacate her conviction and sentence. After receiving

---

[2] The Court asked Ms. Glaze:
Court: "Are you pleading guilty because you are in fact guilty of Count 1?"
Defendant: "Count 1, yes."
Court: "And voluntarily?"
Defendant: "Yes, I am."

The Court also asked her "are you fully satisfied with the service Mr. Greene has provided?" to which she responded "Yes, I am."

[3] After reciting the facts, the Court asked Ms. Glaze if she understood them. She replied "I understand." The Court asked "[i]s that what you did?" and she replied "Yes."

3

an extension, the government filed its opposition on March 30, 2009. It attached the plea hearing transcript, the sentencing hearing transcript, the letter Ms. Glaze sent to the Court, and an affidavit from Ms. Glaze's attorney. The Court has reviewed these materials and finds this case ripe for disposition.

## II.    Legal Standard.

Section 2255 provides: "A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States . . . may move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255 (2008). A petitioner seeking relief under Section 2255 must prove that her sentence or conviction was imposed in violation of law, that the court lacked jurisdiction to impose the sentence, that the sentence exceeded the maximum authorized by law, or that the sentence otherwise is subject to collateral attack. *Id.* The petitioner bears the burden of proving this by a preponderance of the evidence. *United States v. Allgood*, 48 F. Supp. 2d 554, 558 (E.D. Va. 1999) (citing *Miller v. United States*, 261 F.2d 546, 547 (4th Cir. 1958)). A petitioner procedurally defaults on any claim that she failed to raise at trial or on direct appeal. *Bousley v. United States*, 523 U.S. 614, 622 (1998). However, a claim for ineffective assistance-of-counsel may be the subject of a Section 2255 motion despite a failure to seek direct review of the claim. *United States v. DeFusco*, 949 F.2d 114, 120-121 (4th Cir. 1991).

A federal court is required to hold an evidentiary hearing only when the petitioner alleges facts "which, if true, would entitle [that individual] to relief." *United States v. Magini*, 973 F.2d

4

261, 264 (4th Cir. 1992).

### III.    Discussion.

**A.    Ms. Glaze's guilty plea forecloses collateral review of the validity of her conviction.**

Ms. Glaze raises several challenges to the validity of her conviction.  She claims that the

evidence against her was falsely stated, that the government violated Miranda in taking her

statement, and that she was coerced in making incriminating statements.  However, "a voluntary

and intelligent plea of guilty made by an accused person, who has been advised by competent

counsel, may not be collaterally attacked."  *Mabry v. Johnson*, 467 U.S. 504, 508 (1984).  "[A]

guilty plea constitutes a waiver of all non-jurisdictional defects . . . including the right to contest

the factual merits of the charges."  *United States v. Willis*, 992 F.2d 489, 490 (4th Cir. 1993).

Thus, if the defendant's guilty plea was both "counseled and voluntary," "the conviction and the

plea, as a general rule, foreclose the collateral attack."  *United States v. Broce*, 488 U.S. 563, 569

(1989).

Ms. Glaze's guilty plea was voluntary, intelligent, and counseled.  She admitted under

oath that she was guilty, expressed satisfaction with her counsel, reviewed the indictment, and

acknowledged that she was making her plea voluntarily.  Furthermore, according to her counsel's

affidavit filed with the government's opposition, her plea came after counsel had advised her

regarding the nature of the government's evidence, the elements of the charges against her, the

possible penalties, and potential defenses.  Significantly, her counsel avers that "Mrs. Glaze

decided for herself that she would plead guilty given the weight of the government's evidence in

order to hopefully avoid a harsher sentence."  In light of these facts, the challenge to her

conviction must fail. *Broce*, 488 U.S. at 569.

**B.    Ms. Glaze's claims of ineffective assistance of counsel are contradicted by the record.**

Ms. Glaze argues that her attorney was ineffective in numerous ways including the following: he never prepared for trial; he failed to present her statements at hearings; and he did not file an appeal.  To prevail on a claim for ineffective counsel, a petitioner must show that (1) her attorney's performance fell below an objective standard of reasonableness, and (2) the deficient performance prejudiced the petitioner. *See Strickland v. Washington*, 466 U.S. 668, 689 (1984).  Where a petitioner has pled guilty, he must show "that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985).  A "reasonable probability" is one "sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694.  The Court must "apply a 'strong presumption' that a trial counsel's strategy and tactics fall 'within the wide range of reasonable professional assistance.'" *United States v. Roane*, 378 F.3d 382, 404 (4th Cir. 2004) (quoting *Strickland*, 466 U.S. at 689).  "For a lawyer's trial performance to be deficient, his errors must have been so serious that he was not 'functioning as the counsel guaranteed the defendant by the Sixth Amendment.'" *Id.*  Furthermore, "the reasonableness of a lawyer's trial performance must be 'evaluated from counsel's perspective at the time of the alleged error and in light of all the circumstances, and the standard of reasonableness is highly deferential.'" *Roane*, 378 F.3d at 404-405 (quoting *Kimmelman v. Morrison*, 477 U.S. 365, 381 (1986)).

Ms. Glaze's claim that her attorney did not prepare for trial is contradicted by her own sworn statements during the plea colloquy.  "[I]n the absence of extraordinary circumstances, the

truth of sworn statements made during a Rule 11 colloquy is conclusively established, and a district court should, without holding an evidentiary hearing, dismiss any § 2255 motion that necessarily relies on allegations that contradict the sworn statements." *United States v. Lemaster*, 403 F.3d 216, 221 (4th Cir. 2005). Ms. Glaze's sworn statement under oath that she was satisfied with her counsel's performance thus defeats this claim. Further, counsel adequately instructed her on the ramifications of her guilty plea, and her decision to plead made trial preparation unnecessary.

She also claims that her attorney did not "present her statements" in proceedings. This claim likewise is belied by the record of the sentencing hearing. Her attorney filed detailed objections to the sentencing factors and argued those objections during the hearing. He urged that Ms. Glaze receive a sentence at the low end of the guideline range due to, among other factors, her criminal history. In fact, at one tense point during allocution, her attorney explained her tendency to blame others for her own criminal behavior and successfully argued that she should receive the two-point reduction for acceptance of responsibility.[4]

Glaze's claim that her attorney failed to file an appeal also must fail. First, the record shows that she never requested any such appeal. In her motion, Glaze states that "my attorney did not file an appeal in my case. I only requested a withdrawal of my plea and a new trial." Her August 12, 2008 letter to the Court likewise does not refer to an appeal, but merely indicates that she sought to withdraw the plea. Her attorney's affidavit states that he fully advised her of

---

[4] During allocution, Mr. Greene interjected and stated "when she gets nervous and upset, she tends to kind of go on and kind of speak almost without thinking. Because we have certainly talked about these matters, a lot of this was, I think, emotion. And my conversations with her have gone 180 degrees different than this."

appeal rights and that she never informed him that she wished to appeal.

This is particularly so given that such an appeal likely would have been frivolous. Her plea was intelligent and voluntary for the reasons discussed above, and counsel certainly was not ineffective for foregoing an unrequested, frivolous appeal. Accordingly, the Court must deny the ineffective assistance of counsel claims under *Strickland*.

**C.     Ms. Glaze's claim of error in her sentence calculation is not redressible under Section 2255.**

Section 2255 does not allow a petitioner to challenge the computation of a sentencing guideline range where the sentence does not exceed the maximum. "Barring extraordinary circumstances, however, an error in the application of the Sentencing Guidelines cannot be raised in a § 2255 proceeding. Section 2255 provides relief for cases in which 'the sentence was in excess of the maximum authorized by law.' Thus, while § 2255 applies to violations of statutes establishing maximum sentences, it does not usually apply to errors in the application of the Sentencing Guidelines." *United States v. Pregent*, 190 F.3d 279, 283-284 (4th Cir. 1999) (citations omitted). Here, Ms. Glaze's sentence was not in excess of the maximum authorized by law. Nor does she raise a constitutional challenge to her sentence that would warrant relief under Section 2255. Furthermore, she is mistaken on the facts. For example, contrary to her assertion that the "Judge gave me additional time for not accepting responsibility," the Court did give her a two point reduction for acceptance of responsibility.

**D.     Ms. Glaze is not entitled to an evidentiary hearing.**

As noted above, a federal court is required to hold an evidentiary hearing only when the

petitioner alleges facts "which, if true, would entitle [that individual] to relief." *Magini*, 973 F.2d at 264. The Court finds that the record is adequate to dispose of the claims, and that an evidentiary hearing would be futile. *See Hill v. United States*, 368 U.S. 424, 428 (1962). Ms. Glaze's allegations are contradicted by her own statements. She pled guilty knowingly and voluntarily after consultation with experienced counsel. In short, Ms. Glaze's claims are "patently frivolous" and may be summarily dismissed without an evidentiary hearing. *Lemaster*, 403 F.3d at 221.

## IV.    Conclusion.

For the reasons given above, the Court hereby DENIES Ms. Glaze's Motion to Vacate. An appropriate order shall issue forthwith.

June 11, 2009.

Alexandria, Virginia

/s/
Liam O'Grady
United States District Judge

9